UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARIA RADFORD,<br><br>     Plaintiff,<br><br> v.<br><br>CAROLYN W. COLVIN,<br><br>     Defendant. | NO:  12-CV-3129-FVS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 14 and 20.  This matter was submitted for consideration without oral argument.  Plaintiff was represented by D. James Tree. Defendant was represented by Diana Andsager.  The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the court grants Defendant's Motion for Summary Judgment and denies Plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff Maria Radford protectively filed for supplemental security income ("SSI") on January 8, 2009. Tr. 154-56. Plaintiff initially alleged an onset date of January 1, 2006, but the alleged onset date was amended to January 8, 2009. Tr. 59, 154. Benefits were denied initially and upon reconsideration. Tr. 84-87, 93-95. Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held before ALJ Donna W. Shipps on April 12, 2011. Tr. 38-55. Plaintiff was represented by counsel and appeared at the hearing. *Id*.  Medical expert Kent Layton, Ph.D. also testified. Tr. 45-53. On June 3, 2011 the ALJ held a supplemental video hearing. Tr. 56-81. Plaintiff was represented by counsel and testified at the supplemental hearing. Tr. 59-66. Vocational expert Debra Lapoint also testified. Tr. 67-79. The ALJ denied benefits (Tr. 16-34) and the Appeals Council denied review. Tr. 1. The matter is now before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and will therefore only be summarized here.

Plaintiff was 48 years old at the time of the hearing. Tr. 59. She completed eleventh grade education and testified she was repeatedly kept out of school for large periods of time by her abusive family. Tr. 59-60. It is undisputed that

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 2

Plaintiff has a history of drug and alcohol abuse, with several clean and sober periods, the most recent of which is January 2009 through the hearing date. Tr. 60-62. Her most recent employment was in 1994. Tr. 69. She was house manager at a clean and sober house of ten women where her duties included writing up residents if they were not on curfew. Tr. 66. Plaintiff testified that she has been "fighting her mental health for many years" including difficulty being around people, mood swings, anger, irritability, anxiety attacks, and nightmares. Tr. 62-66.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue,* 698 F.3d 1153, 1158–59 (9th Cir.2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 3

1    In reviewing a denial of benefits, a district court may not substitute its

2    judgment for that of the Commissioner. If the evidence in the record "is susceptible

3    to more than one rational interpretation, [the court] must uphold the ALJ's findings

4    if they are supported by inferences reasonably drawn from the record." *Molina v.*

5    *Astrue,* 674 F.3d 1104, 1111 (9th Cir.2012). Further, a district court "may not

6    reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An

7    error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability

8    determination." *Id.* at 1115 (quotation and citation omitted). The party appealing

9    the ALJ's decision generally bears the burden of establishing that it was harmed.

10   *Shinseki v. Sanders,* 556 U.S. 396, 409–10 (2009).

11                    **FIVE–STEP SEQUENTIAL EVALUATION PROCESS**

12         A claimant must satisfy two conditions to be considered "disabled" within

13   the meaning of the Social Security Act. First, the claimant must be "unable to

14   engage in any substantial gainful activity by reason of any medically determinable

15   physical or mental impairment which can be expected to result in death or which

16   has lasted or can be expected to last for a continuous period of not less than twelve

17   months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be

18   "of such severity that he is not only unable to do his previous work[,] but cannot,

19   considering his age, education, and work experience, engage in any other kind of

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 4

substantial gainful work which exists in the national economy." 42 U.S.C. §

1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to

determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§

404.1520(a)(4)(i)-(v); 416.920(a)(4) (i)-(v). At step one, the Commissioner

considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i);

416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the

Commissioner must find that the claimant is not disabled. 20 C.F.R. § §

404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis

proceeds to step two. At this step, the Commissioner considers the severity of the

claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the

claimant suffers from "any impairment or combination of impairments which

significantly limits [his or her] physical or mental ability to do basic work

activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c);

416.920(c). If the claimant's impairment does not satisfy this severity threshold,

however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to

several impairments recognized by the Commissioner to be so severe as to

preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 5

404.1520(a)(4)(iii); 416.920(a) (4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d); 416 .920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(f); 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a) (4)(v). In making this determination, the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 6

Commissioner must also consider vocational factors such as the claimant's age,

education and work experience. *Id.* If the claimant is capable of adjusting to other

work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § §

404.1520(g)(1); 416.920(g) (1). If the claimant is not capable of adjusting to other

work, the analysis concludes with a finding that the claimant is disabled and is

therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above.

*Lockwood v. Comm'r of Soc. Sec. Admin.,* 616 F.3d 1068, 1071 (9th Cir.2010). If

the analysis proceeds to step five, the burden shifts to the Commissioner to

establish that (1) the claimant is capable of performing other work; and (2) such

work "exists in significant numbers in the national economy." 20 C.F.R. § §

404.1560(c); 416.960(c)(2); *Beltran v. Astrue,* 700 F.3d 386, 389 (9th Cir.2012).

A finding of "disabled" does not automatically qualify a claimant for

disability benefits. *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

When there is medical evidence of drug or alcohol addiction ("DAA"), the ALJ

must determine whether the DAA is a material factor contributing to the disability.

20 C.F.R. §§ 404.1535(a), 416.935(a).  It is the claimant's burden to prove

substance addiction is not a contributing factor material to her disability.  *Parra v.*

*Astrue*, 481 F.3d 742, 748 (9th Cir. 2007).

ALJ'S FINDINGS

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 7

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity from January 8, 2009, the amended onset date. Tr. 22. At step two, the ALJ found Plaintiff has the following severe impairments: polysubstance abuse; post-traumatic stress disorder; depression; anxiety; learning disorder; and right lateral epicondylitis. Tr. 23. At step three, the ALJ found that Plaintiff's impairments, including the substance use disorder, meet sections 12.04, 12.06, and 12.09 of 20 C.F.R. Part 404, Subpt. P, App'x 1. Tr. 23. The ALJ found that if Plaintiff stopped the substance use, she would continue to have severe impairments at step two, but the impairments would not meet or equal any of the step three listed impairments. Tr. 24. The  ALJ then determined that if the Plaintiff stopped the substance use, she would have the RFC

> to perform light work as defined in 20 C.F.R. § 416.967(b). She can frequently use her right hand for handling and fingering. She can frequently reach in all directions. She can occasionally climb ladders, ropes, and scaffolds. She can occasionally crawl. She has no limitations in her ability to climb stairs or ramps, balancing, stooping, kneeling, or crouching. The claimant can understand, remember, and carry out simple instructions. She has the ability to respond appropriately to coworkers and supervisors in usual work situations and deal [sic] changes in a routine work setting. She is very capable of entry level unskilled work with limited contact with the public and working in proximity to, but not close cooperation with, coworkers.

Tr. 25. At step four, the ALJ found Plaintiff has no past relevant work. Tr. 32. At step five, the ALJ found that if Plaintiff stopped substance use, considering the Plaintiff's age, education, work experience, and RFC, there would be significant

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 8

number of jobs in the national economy that Plaintiff could perform. Tr. 32.

Finally, the ALJ found that because the Plaintiff would not be disabled if she

stopped substance use, Plaintiff's substance use disorder is a contributing factor

material to the determination of disability. Tr. 33. The ALJ concluded that Plaintiff

has not been disabled within the meaning of the Social Security Act at any time

from the date of the application through the date of the decision. Tr. 33.

## ISSUES

The question is whether the ALJ's decision is supported by substantial

evidence and free of legal error. Specifically, Plaintiff asserts: (1) the ALJ erred by

performing an improper DAA analysis and improperly rejecting the opinions of

Dr. Rodenberger, Mr. Moen and Mr. Anderson; (2) the ALJ erred by rejecting

evidence based on an improper credibility finding. ECF No. 14 at 6-18. Defendant

argues: (1) the ALJ reasonably concluded that Plaintiff's substance abuse was

material to the determination of disability; (2) the ALJ reasonably concluded the

Plaintiff was not credible. ECF No. 20 at 5-13.

## DISCUSSION

### A. Credibility

Plaintiff argues the ALJ erred in rejecting evidence based on an improper

credibility finding. ECF No. 14 at 16-18. In social security proceedings, a claimant

must prove the existence of physical or mental impairment with "medical evidence

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 9

1  consisting of signs, symptoms, and laboratory findings." 20 C.F.R. §§ 416.908;

2  416.927. A claimant's statements about his or her symptoms alone will not suffice.

3  *Id*. Once an impairment has been proven to exist, the claimant need not offer

4  further medical evidence to substantiate the alleged severity of his or her

5  symptoms. *Bunnell v. Sullivan,* 947 F.2d 341, 345 (9th Cir.1991) (en banc). As

6  long as the impairment "could reasonably be expected to produce [the] symptoms,"

7  the claimant may offer a subjective evaluation as to the severity of the impairment.

8  *Id.* This rule recognizes that the severity of a claimant's symptoms "cannot be

9  objectively verified or measured." *Id.* at 347 (quotation and citation omitted).

10      If an ALJ finds the claimant's subjective assessment unreliable, "the ALJ

11  must make a credibility determination with findings sufficiently specific to permit

12  [a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's

13  testimony." *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir.2002). In making this

14  determination, the ALJ may consider, *inter alia:* (1) the claimant's reputation for

15  truthfulness; (2) inconsistencies in the claimant's testimony or between his

16  testimony and his conduct; (3) the claimant's daily living activities; (4) the

17  claimant's work record; and (5) testimony from physicians or third parties

18  concerning the nature, severity, and effect of the claimant's condition. *Id.*  Absent

19  any evidence of malingering, the ALJ's reasons for discrediting the claimant's

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 10

testimony must be "specific, clear and convincing." *Chaudhry v. Astrue,* 688 F.3d 661, 672 (9th Cir.2012) (quotation and citation omitted).

The ALJ found there was not sufficient evidence to find Plaintiff was a malingerer. Tr. 27-28. However, the ALJ found "the [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment for the reasons explained below." Tr. 26. Plaintiff's interpretation of the ALJ's reasoning for finding her not credible was a general finding that Plaintiff's "conditions were sometimes better." ECF No. 14 at 16. Plaintiff argues this reason was an improper rejection of her credibility because the medical record "explains [Plaintiff's] good days *and* bad days." *Id*. at 17 (emphasis added). Plaintiff provides no legal authority to support this argument. Rather, Plaintiff cites only to Mr. Moen's examination on August 3, 2009 noting that Plaintiff would have several good days in a week and then symptoms of depression and anger on the other days. Tr. 468.  Mr. Moen opined that Plaintiff "would not be able to get out of work on a regular basis and would be fired," and that mental health intervention would "not likely restore or substantially improve [Plaintiff's] ability to work." Tr. 468, 472.

In her decision, the ALJ found Plaintiff's consistent description of her symptoms as sad all day, constantly crying, feeling fatigued, less energetic, feeling

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 11

worthless and hopeless, low self-esteem, and loss of interest, was inconsistent with progress identified by normal mental status examinations and improvement in her mental health symptoms in the medical record since January 2009.  *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (subjective pain testimony cannot be rejected solely because it is not corroborated by objective medical findings, but medical evidence is a relevant factor in determining the severity of a claimant's impairments). Contrary to Plaintiff's argument, the ALJ did acknowledge that Plaintiff experienced increased symptoms on multiple occasions, but found in each instance the record showed Plaintiff was not complaint with therapy or medications and/or experiencing situational stressors. Tr. 27. In February 2009 Plaintiff was not compliant with counseling or medication, but in March 2009 Plaintiff reported that she doing "much better" and felt it was the result of the addition of Wellbutrin. Tr. 278, 292-93.  In May 2009 Plaintiff complained of some depression, but admitted that forgetting to take her medication might be the cause of her "mood fluctuations."  Tr. 377. Her medical provider noted that she "appears to be doing well." Tr. 378. In August 2009, Plaintiff reported that one of her main problems was forgetting to take her pills. Tr. 402. At the end of 2010 and beginning of 2011 the ALJ notes an increase in symptoms when Plaintiff could not afford treatment.[1] Tr. 27.

---

[1] The ALJ notes that Plaintiff did not provide evidence that she explored all

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 12

Plaintiff's unexplained or inadequately explained failure to follow treatment is a valid reason to make adverse credibility finding. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Further, even "where evidence is susceptible to more than one rational interpretation, it is the [Commissioner's] conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). The court finds this reason for finding the Plaintiff not credible was clear and convincing and supported by substantial evidence. Moreover, even assuming arguendo that the ALJ erred in relying on this reason, any error is harmless because the ALJ's remaining reasoning and ultimate credibility finding is adequately supported by substantial evidence, as discussed below. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

While not challenged by Plaintiff, the ALJ proffered several additional reasons for her adverse credibility finding. First, as discussed above, the ALJ found that since her clean and sober date of January 2009, Plaintiff has shown improvement in her mental health symptoms with treatment. *See Warre v. Comm'r, Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (an impairment that can be effectively controlled with treatment is not disabling). Second, the ALJ

possible resources to obtain treatment from other resources available in the community, nor did she document her financial resources. Tr. 27 (citing SSR 82-59 (1982), *available at* 1982 WL 31384 at *3).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 13

found that Plaintiff's self-described daily activities "are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations." Tr. 28. Evidence about daily activities is properly considered in making a credibility determination. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). However, it is well-settled that a claimant need not be utterly incapacitated in order to be eligible for benefits. *Id.*; *see also Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) ("the mere fact that a plaintiff has carried on certain activities…does not in any way detract from her credibility as to her overall disability."). In this case, the ALJ found Plaintiff was "fully independent for basic self-care, and reported a full complement of independent living skills." Tr. 28. These activities included planning and preparing meals, light housework and laundry, shopping independently, paying bills, using public transportation, going to meetings, and attending Open Bible Christian Center. Tr. 28, 183-85, 282, 329. The ALJ particularly noted that some of these activities were inconsistent with a limitation in social functioning beyond that identified in the RFC. Tr. 28-29.

Finally, the ALJ questioned whether Plaintiff's unemployment was actually due to medical impairments. Tr. 29. In August 2009 Plaintiff reported that she did not desire employment or the assistance of an employment specialist for active supported employment services. Tr. 400. The ALJ may draw an adverse inference from evidence that Plaintiff stopped working for reasons other than her allegedly

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 14

disabling medical impairments. *See Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (finding claimant not credible in part because he was laid off, not because he was injured).

For all of these reasons, and having thoroughly reviewed the record, the court concludes that the ALJ supported her adverse credibility finding with specific, clear and convincing reasons which are supported by substantial evidence.

**B. DAA Analysis**

If the ALJ finds the Plaintiff is disabled under the five step inquiry, and there is medical evidence of drug and/or alcohol addiction ("DAA"), the ALJ must determine whether the DAA is a material factor contributing to the disability.  20 C.F.R. §§ 404.1535(a), 416.935(a).  In order to make this determination, the ALJ performs the five step analysis a second time to determine if the claimant would still be disabled if he or she stopped using drugs and/or alcohol. *See Bustamante*, 262 F.3d at 955. "If [the Commissioner determines] that your remaining limitations would not be disabling, we will find that your [DAA] is a contributing factor material to the determination of disability." 20 C.F.R. § 416.935(b).

Plaintiff contends the ALJ committed harmful reversible error by failing to consider relevant evidence and conducting an improper DAA analysis according to

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 15

policy outlined in Social Security Ruling ("SSR") 13-2p.[2]  Pursuant to SSR 13-2p, "[t]o support a finding that DAA is material,…we do not permit adjudicators to rely exclusively on medical expertise and the nature of a claimant's mental disorder." *See* SSR 13-2p (February 20, 2013), *available at* 2013 WL 621536 at *7. Instead, the ALJ is instructed to consider additional evidence, including periods of abstinence, to determine whether a claimant would still be disabled in the absence of DAA. *Id*. "Especially in cases involving co-occurring mental disorders, the documentation of a period of abstinence should provide information about what, if any, medical findings and impairment-related limitations remained after the acute effects of drug and alcohol use abated." *Id*.

Plaintiff summarily argues that the ALJ erred by "repeatedly rel[ying] exclusively on the medical expertise of his ME to find that [Plaintiff] would not be disabled in a clean and sober state." ECF No. 14 at 9. In support of this argument,

---

[2] Plaintiff refers to "three absolute rules" in SSR 13-2p that she contends were not followed by the ALJ. ECF No. 14 at 8-9. However, the third "rule" appears to be offered only as a conclusion to Plaintiff's argument that the evidence does not establish her impairments would improve to the point of nondisability in the absence of DAA. *Id*. at 16. Thus, the court will confine it's analysis to the two challenges briefed with particularity by Plaintiff. *See Carmickle v. Comm'r of Soc. Sec. Admin*., 533 F.3d 1155, 161 n.2 (9th Cir. 2008).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 16

Plaintiff cites to the ALJ's finding that "[a]s for the opinion evidence, Kent Layton, Ph.D., stated the claimant's mental health impairments are more marked with substance abuse and that substance abuse is material to the determination of disability. The undersigned gave significant weight to his opinion…." ECF No. 14 at 9. However, Plaintiff's brief omits the remainder of the ALJ's findings, namely: "The undersigned gave significant weight to this opinion *and finds this opinion is supported by the evidence summarized herein*." Tr. 24 (emphasis added). Importantly, as instructed by SSR 13-2p, the referenced "evidence summarized" in the ALJ's opinion is entirely gathered from Plaintiff's undisputed period of sobriety from January 2009 through the date of the decision.

In March 2009 Plaintiff reported that she was "feeling more at ease and not feeling as edgy," her anger and irritability were "more under control," her sleep was good, and she was doing "much better." Tr. 278. In May 2009 Plaintiff stated she was going to AA meetings twice weekly, and while she was experiencing some depression she reported forgetting to take her medication and admitted that might be the cause of her "mood fluctuations." Tr. 377. Her medical provider noted that she "appears to be doing well." Tr. 378. Group therapy notes from May-July 2009 indicate that Plaintiff reported no significant issues or concerns and interacted appropriately with her therapy group. Tr. 379-84, 388-90, 394. In August 2009, although Plaintiff complained of depression, anxiety, irritability, difficulty sleeping

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 17

and difficulty concentrating; she felt she was "making some progress" and one of her main problems was forgetting to take her pills. Tr. 402. In November 2009 she reported "looking into obtaining employment" including cleaning apartments and houses "on the side." Tr. 427. The ALJ also noted that Plaintiff was struggling with increased symptoms in September 2009 and January 2010, but these were largely situational and treated with therapy and medication adjustment. Tr. 27, 420-23, 431-33.

In addition to this medical evidence, the ALJ found that during the same period of abstinence the Plaintiff reported a "full complement of activities of daily living," including, but not limited to, the ability to: plan and prepare meals, do light housework and laundry, shop independently, understand budgeting, pay bills, use public transportation, attend group meetings several times a week, and attend Open Bible Christian Center. Tr. 182-84, 282, 329. A third party function report was fully considered by the ALJ, and confirmed Plaintiff's daily activities did not support a finding of disability. Tr. 29, 189-93.

After reviewing the "summarized evidence," it is clear the ALJ did not improperly rely "exclusively" on the opinion of Dr. Layton as prohibited under SSR 13-2p. Instead, the ALJ gave Dr. Layton's opinion significant weight and properly considered it together with substantial evidence gathered during

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 18

Plaintiff's period of abstinence, and determined that DAA was material to the determination of disability in this case.

**C. Medical Opinions**

While not framed as such in her briefing, Plaintiff appears to argue that the ALJ improperly rejected several medical opinions in her analysis of DAA analysis. ECF No. 14 at 10-15.  Plaintiff contends that the rejection of opinions by Russell Anderson, LICSW and Dick Moen, MSW "is harmful as their opinions were given during a time of sobriety and support a finding of disabled. Giving them proper weight a reasonable ALJ could find [Plaintiff] disabled." ECF No. 14 at 15.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th Cir.2001)(citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Id.*  If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir.2005). Conversely, "[i]f a treating or examining doctor's

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 19

opinion is contradicted by another doctor's opinion, an ALJ may only reject it by

providing specific and legitimate reasons that are supported by substantial

evidence." *Id.* (citing *Lester v. Chater,* 81 F.3d 821, 830–831 (9th Cir.1995)).

"However, the ALJ need not accept the opinion of any physician, including a

treating physician, if that opinion is brief, conclusory and inadequately supported

by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1228

(9th Cir. 2009)(quotation and citation omitted).

      As an initial matter, Plaintiff argues that the challenged medical opinions

were issued by Dr. Rodenberger. However, Plaintiff offers no evidence that Dr.

Rodenberger actually examined the Plaintiff, nor does she offer legal authority or

argument to support an analysis of these opinions as those of a treating or

examining physician. Instead the record appears to show that Dr. Rodenberger

merely signed off on the examinations actually conducted by Mr. Moen and Mr.

Anderson. Tr. 481, 554.  Social workers are not "acceptable medical source"

within the meaning of 20 C.F.R. § 416.913(a). Instead, they qualify as an "other

source" as defined in 20 C.F.R. § 416.913(d). *Molina v. Astrue*, 674 F.3d 1104,

1111 (9th Cir. 2012). The opinion of an "acceptable medical source" is given more

weight than that of an "other source." SSR 06-03p, 2006 WL 2329939 at *2; 20

C.F.R. § 416.927(a). The ALJ need only provide "germane reasons" for

disregarding Mr. Anderson and Mr. Moen's opinions.  *Molina*, 674 F.3d at 1111.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 20

However, the ALJ is required to "consider observations by nonmedical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen,* 812 F.2d 1226, 1232 (9th Cir. 1987).

The ALJ gave the DSHS evaluations by Mr. Anderson and Mr. Moen little weight.[3] Tr. 30. Primarily, Plaintiff argues the ALJ provided improper reasons for rejecting the August 2009 opinion of Mr. Moen that Plaintiff was "making positive changes in her life but is not ready to try working."[4] Tr. 398.  According to Mr.

---

[3] Plaintiff argues that the ALJ erroneously stated that "[t]hey did not provide narrative reports or clinical testing to support their conclusions…." ECF No. 14 at 15 (citing Tr. 30). However, as correctly noted by the Commissioner, Plaintiff misreads the ALJ's decision which expressly identifies Mr. Anderson and Mr. Moen as the two evaluators that *did* in fact provide narrative reports. Tr. 30.

[4] Plaintiff offers a detailed narrative of Mr. Moen's and Mr. Anderson's opinions from July 7, 2010 and January 5, 2011. ECF No. 14 at 10-12 (citing Tr. 478-80, 551-53). She generally argues that had the ALJ given these opinions proper weight, a reasonable ALJ "could find [Plaintiff] disabled." ECF No. 14 at 15. However, she does not make any specific argument as to why or how the ALJ erred in rejecting these particular opinions.  Thus, the court will confine its analysis to the August 2009 opinion and decline to further address opinions not argued with specificity in Plaintiff's briefing. *See Carmickle*, 533 F.3d at 1161 n.2.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 21

Moen, Plaintiff was having trouble with mood swings and depression such that
"[e]ven if she could get a job she would be fired because she would not show up.
Her mood swings would also prevent her from working as she would overreact to
people around her and get fired if she did not walk off the job." Tr. 398.  Mr. Moen
opined the Plaintiff had moderate limitations in all areas of functioning and
elaborated that she "[w]ould not be able to get to work on a regular basis and
would be fired." Tr. 468, 471.

The ALJ found that Mr. Moen's opinion was inconsistent with the
claimant's treatment record showing no significant issues or concerns from *June
through July 2009*. Tr. 30 (emphasis added). Plaintiff states that "this is erroneous
as evidenced by the treatment record," however, in support of this argument she
only references opinion evidence from January and August of 2009. ECF No. 14 at
13-14. As correctly noted by the ALJ, a review of therapy notes in June and July
2009 indicated that Plaintiff reported no significant issues or concerns. Tr. 379-84,
388-90, 394.  Moreover, the ALJ found the objective evidence did not indicate that
Plaintiff had a problem with social interaction as she interacted appropriately with
her therapy group, and had no problems with treatment providers or other patients.
*Id*. Although not challenged by Plaintiff in her briefing, the ALJ also noted that
two weeks after the August 2009 opinion at issue, Plaintiff reported improvement
in her symptoms after recommitting to group therapy and taking her medication.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 22

1    Tr. 402. Finally, the ALJ concluded that this opinion was unsupported by clinical

2    findings. *Bayliss*, 427 F.3d at 1216 (ALJ need not accept an opinion that is brief,

3    conclusory, or "inadequately supported by clinical findings.") For all of these

4    reasons, the ALJ properly rejected these medical opinions regardless of whether

5    they were "other sources" or "acceptable medical sources" by articulating specific

6    and legitimate reasons supported by substantial evidence for giving the opinion

7    little weight.

8    **CONCLUSION**

9         After review the court finds the ALJ conducted a proper DAA analysis. Her

10    decision is supported by substantial evidence and is free of harmful legal error.

11    **ACCORDINGLY, IT IS HEREBY ORDERED:**

12         1.  Plaintiff's Motion for Summary Judgment, ECF No. 14, is **DENIED**.

13         2.  Defendant's Motion for Summary Judgment, ECF No. 20, is

14             **GRANTED**.

15         The District Court Executive is hereby directed to enter this Order and

16    provide copies to counsel, enter judgment in favor of the Defendant, and **CLOSE**

17    the file.

18         **DATED** this 21st day of February, 2014.

19                          _____*s/Fred Van Sickle*_____
                                  Fred Van Sickle
20                          Senior United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 23